UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
WAYNE NEWLAND,                          :
                                        :
            Petitioner,                 :
                                        :
        -against-                       :        05 Cv. 2686 (JFK)
                                        :     **MEMORANDUM OPINION**
_____                           :        **& ORDER**
                                        :
WILLIAM V. LAPE,                        :
                                        :
            Respondent.                 :
---------------------------------------X
**JOHN F. KEENAN**, United States District Judge:

        Petitioner Wayne Newland ("Petitioner" or "Newland")

brings this <u>pro</u> <u>se</u> application for a writ of habeas corpus,

pursuant to 28 U.S.C. § 2254, challenging his state court

conviction of one count of burglary in the second degree (N.Y.

Penal Law § 140.25(1)(c)), on the following grounds:  first, that

admission of out-of-court testimonial evidence at his trial

violated his Sixth Amendment right to confrontation under

<u>Crawford v. Washington</u>, 541 U.S. 36 (2004); second, that he

received ineffective assistance of counsel; and third, that the

evidence at his trial was legally insufficient to support his

conviction.  For the reasons set forth below, the petition is

denied in its entirety.

                        **BACKGROUND**

        On June 18, 2000, Newland, a 43-year-old Brooklyn

resident, broke into the Village Cigar Store on the corner of

Christopher Street and Seventh Avenue in Manhattan by smashing

1

the glass door with a metal pipe.  On November 20, 2000, Newland was charged by Indictment Number 7606/00 with two counts of burglary in the second degree.  After a jury trial in New York State Supreme Court, New York County (Beal, J.), Newland was convicted of one count of burglary in the second degree and sentenced to a term of imprisonment of ten years.

The following facts, relevant to the instant petition, were established at trial.

On the morning of June 18, 2000, Newland paced outside the Village Cigar Store for about ten minutes.  He then took a metal pipe out of his waistband and threw it through the store's glass door.  This was witnessed by Melody Jones ("Jones"), who was standing at a nearby bus stop.  After the glass shattered, Newland entered the store.  Shortly afterwards, Vicente Hernandez ("Hernandez"), an employee of a neighboring deli that was under the same ownership as the Village Cigar Store, received a call from a nearby newsstand alerting him that someone had broken the Village Cigar Store's glass door.  Hernandez investigated the scene and saw that the lights were off in the store and the door was shattered.  When he saw Newland leaving the store with two plastic bags, Hernandez asked what Newland was doing. Newland cursed in response and cut Hernandez on the left forearm with a box cutter.  A struggle ensued that moved from the storefront to the middle of Seventh Avenue and lasted between three and five

minutes.  Newland then ran into the Christopher Street subway station, jumped onto the tracks, and escaped a pursuing Hernandez.

At approximately the same time, Sergeant James Crescitelli ("Crescitelli") and his partner responded to a report of a robbery at the Village Cigar Store.  Upon arrival, Crescitelli was informed that the perpetrator had fled into the subway station.  Crescitelli attempted to pursue the suspect but could not find him.  He then returned to the scene of the crime and entered the store to dust for fingerprints.  After taking the prints, Crescitelli canvassed the area for witnesses. Crescitelli subsequently searched a metal shopping cart that was in front of the cigar store and recovered a small clear plastic bag containing several pieces of paper with Newland's name on them.  On November 9, 2000, following an investigation, Newland was arrested in connection with the burglary.

At trial, two eyewitnesses identified Newland as the perpetrator of the crime.  Jones, who was approximately fifteen feet away from the Village Cigar Store at the time of the break-in, identified Newland as the perpetrator and also testified that she had seen Newland panhandling in the vicinity, about a month before the robbery.  Hernandez, who engaged in a prolonged physical struggle with the perpetrator, also identified Newland as the individual who broke into the Village Cigar Store.

*The Out-of-Court Statement*

Prior to trial, Newland's counsel moved to preclude as "double hearsay" the testimony of Crescitelli relating to comments made to him by an employee of the newsstand (the "first newsstand employee") located on Seventh Avenue across the street from the Village Cigar Store. (Tr. 19.)[1] A second employee of the newsstand (the "second employee"), who purportedly witnessed the break-in, told the first newsstand employee that a shopping cart that had been abandoned ten feet from the Village Cigar Store door belonged to the person responsible for the burglary. (Tr. 19-20.) The first newsstand employee relayed this information to Crescitelli, which in turn led to Crescitelli's discovery and search of the shopping cart. The police never interviewed the second employee. (Tr. 22.) Neither the first newsstand employee nor the second employee testified at trial.

The prosecution argued that Crescitelli's testimony about the out-of-court statements was admissible to explain why Crescitelli searched the shopping cart. While the court agreed that the clear implication of the testimony would be that the officer went to the cart "because somebody told him that the perpetrators had it," (Tr. 22), it also noted that a certain amount of hearsay was admissible to allow the jury to understand the narrative. (Tr. 23-24.) The court compared the evidence to

_____

[1] "Tr." refers to pages of the trial transcript.

an officer testifying that he received a radio transmission and as a result went to a certain address. (Tr. 26.)  The court expressed concern that, without the information in question, the jury would wonder why the officer searched a cart located outside the store. Id.

After taking the matter under advisement, (Tr. 23-24), the court ultimately ruled that Crescitelli was permitted to testify that he received some information and that he took certain actions as a result of that information. (Tr. 166-67.) The court acknowledged that it was allowing in a small amount of hearsay but was doing so to avoid jury speculation about the officer's subsequent actions. (Tr. 169.)  Crescitelli testified as follows:

Q: And who did you speak to if anyone?

A: I spoke to a gentleman across the street at a newsstand.

Q: Was he standing in the newsstand or outside the newsstand?

A: He was in the newsstand.

Q: And what did he direct you to do?

A: He directed me to –

DEFENSE COUNSEL: Objection

COURT: . . . As a result [] of this conversation what did you do, sir.

A: I responded back over to the front of the Village Cigar

[S]tore where there was a shopping basket.

(Tr. 167.)

Following his conviction and sentencing, Newland timely
appealed to the Appellate Division, First Department, on the
ground that the admission of an out-of-court statement violated
his Sixth Amendment right to confrontation under <u>Crawford</u>, 531
U.S. at 36.  While the appeal was pending, Newland filed a <u>pro</u> <u>se</u>
supplemental brief in which he asserted the following claims:
first, that he received ineffective assistance of counsel because
his trial attorney failed to request a charge on a lesser-
included offense of third degree burglary and his appellate
attorney failed to assert a challenge to the sufficiency of the
evidence; and, second, that the prosecution failed to prove his
guilt beyond a reasonable doubt.  On April 27, 2004, the
Appellate Division, First Department, affirmed the conviction,
holding that there was no violation of the Sixth Amendment's
Confrontation Clause.  The court concluded that there was no
admission of an out-of-court testimonial statement at Newland's
trial and thus no <u>Crawford</u> violation.  The court also found that,
even if Crescitelli were deemed to have testified about an out-
of-court testimonial declaration, there was no constitutional
violation because the declaration was not offered for its truth.
<u>See</u> <u>People v. Newland</u>, 6 A.D.3d. 330 (N.Y. App. Div. 1st Dep't
2004).  The court also rejected the claims Newland asserted in

his pro se supplemental brief.  Id.  On August 26, 2004, the New
York Court of Appeals denied Newland's motion for leave to
appeal. People v. Newland, 784 N.Y.S.2d 17 (2004).  On November
29, 2004, Newland's application for reconsideration was also
denied. People v. Newland, 788 N.Y.S.2d 676 (2004).  This timely
petition for habeas relief followed.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act
("AEDPA") provides the applicable standard of review in § 2254
habeas cases. See 28 U.S.C. § 2254 (2004).  AEDPA provides, in
relevant part, that to obtain habeas relief a state prisoner must
show that the state court's adjudication of the claim on the
merits "resulted in a decision that was contrary to, or involved
an unreasonable application of clearly established Federal law,
as determined by the Supreme Court of the United States." 28
U.S.C. § 2254(d)(1); see also Kane v. Garcia Espitia, 546 U.S. 9,
10 (2005).

A state-court decision is contrary to Supreme Court
precedent if (1) "the state court arrives at a conclusion
opposite to that reached by [the Supreme] Court on a question of
law"; or (2) "the state court confronts facts that are materially
indistinguishable from a relevant Supreme Court precedent and
arrives at a result opposite to ours." Williams v. Taylor, 529
U.S. 362, 405 (2000).  A state-court decision constitutes an

"unreasonable application" of clearly established federal law (1) "if the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies it to the facts of the particular state prisoner's case"; or (2)the state court "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407.

"It is not enough that the habeas court has a 'firm conviction that the state court was erroneous.' Rather, the reviewing court must conclude that the state court's application of the law was 'objectively unreasonable.'" Cooper v. U.S., No. 04 Civ. 1381 (JFK), 2006 WL 2390266, at *5 (S.D.N.Y. Aug. 16, 2006) (quoting Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)). "Some increment of incorrectness beyond error is required. We caution, however, that the increment need not be great; otherwise, habeas relief would be limited to state court decisions 'so far off the mark as to suggest judicial incompetence.'" Francis S. v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (quoting Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 889 (3d Cir. 1999)). Still, this is typically a heavy burden for a petitioner to meet. "Generally, erroneous evidentiary rulings of a trial court will not rise to the level of constitutional error sufficient to warrant issuance of a writ

of habeas corpus. 'Rather, the writ would issue only where petitioner can show that the error deprived her of a fundamentally fair trial.'" <u>Collins v. Scully</u>, 582 F. Supp. 1100, 1104-05 (S.D.N.Y. 1984) (quoting <u>Taylor v. Curry</u>, 708 F.2d 886, 891 (2d Cir. 1983)). Furthermore, where a state prisoner's claims were adjudicated on the merits, a federal court must presume any determination of a factual issue made by a state court to be correct. A habeas corpus petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>see</u> <u>also</u> <u>Smith v. Conway</u>, Slip Copy, No. 06 Civ. 7674 (RMB)(KNF), 2008 WL 780635, at *7 (S.D.N.Y. Mar. 24, 2008).

Newland asserts the following three claims: (i) his Sixth Amendment right to confront witnesses was violated by admission of the hearsay testimony of a non-testifying witness; (ii) his counsel was constitutionally ineffective for (a) failing to assert on appeal a claim that the evidence at trial was legally insufficient; and (b) failing to request at trial that the court instruct the jury on the lesser included offense of burglary in the third degree; and (iii) his guilt was not proven beyond a reasonable doubt. This timely petition comes after he has exhausted all state-provided remedies. <u>See</u> 28 U.S.C. § 2244(d)(1); 28 U.S.C. § 2254(a); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 843-44 (1999).

*I. Sixth Amendment/Crawford claim*

Newland argues that the admission of Crescitelli's testimony relating to out-of-court comments made to him by the newsstand employee amounted to testimonial hearsay in violation of the rule set forth in Crawford.  In Crawford, the Supreme Court held that "[t]estimonial statements of witnesses absent from trial" are admissible "only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine [him]," overruling the previous Confrontation Clause test established in Ohio v. Roberts, 448 U.S. 56 (1980). Crawford, 541 U.S. at 59. See also United States v. McClain, 377 F.3d 219, 221 (2d Cir. 2004).

The Appellate Division reasonably concluded that, because Crescitelli did not testify about any testimonial statements made by absent witnesses, there was no Crawford violation at Newland's trial.  After the judge sustained a defense objection, Crescitelli described how he acted after speaking with an unidentified person at the scene of the crime. There was no description of or quotation from the conversation between Crescitelli and the newsstand employee, and no mention of any conversation between the newsstand employee and the second employee.  Crescitelli simply testified about his own conduct and first-hand observations that occurred subsequent to his encounter with the unidentified bystander.  Thus, the Appellate Division

reasonably held that no testimonial statement was introduced at trial.

Even assuming, as Newland essentially argues, that Crescitelli's testimony implicitly relayed an out-of-court statement by an absent declarant, any such statement was clearly not offered for its truth. Although "out-of-court statements offered for the truth of the matter asserted are generally inadmissible as hearsay . . . ," United States v. Mejia, 376 F. Supp. 2d 460, 464 (S.D.N.Y. 2005); see also People v. Brensic, 70 N.Y.2d 9, 14 (1987), statements admitted merely to complete a narrative or explain the actions of a police officer are admissible. See, e.g., Smith v. Greiner, No. 99-CV-5230 (JBW), 03-MISC-0066 (JBW), 2003 WL 24015053, at *7 (E.D.N.Y. 2003); People v. Osorio, 39 A.D.3d 400, 402 (N.Y. 2007). Here, as noted, Crescitelli briefly testified that he spoke with a bystander in order to explain why he searched the shopping cart. It was not unreasonable for the Appellate Division to conclude that this testimony, which was introduced to explain the officer's actions rather than for its truth, did not offend Crawford. See Crawford, 541 U.S. at 59 n.9 (observing that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted"); see also Tennessee v. Street, 471 U.S. 409, 414 (1985) (stating that nonhearsay admissions "raise[] no

Confrontation Clause concerns").

In sum, the decision by the Appellate Division was not contrary to, or an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

## II. Ineffective Assistance of Counsel

Newland claims that his counsel was constitutionally ineffective for (a) failing to litigate on direct appeal a preserved challenge to the sufficiency of evidence; and (b) failing to seek a lesser included offense to the second-degree burglary charge. These claims were adjudicated on the merits and rejected by the Appellate Division. Thus, the question is whether the court's decision was contrary to or an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(e)(1); see also Conway, 2008 WL 780635, at *7.

On habeas review of a claim of ineffective assistance of counsel, the rule set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), provides the applicable "clearly established Federal law, as determined by the Supreme Court of the United States." Williams, 529 U.S. at 391. To prevail under the Strickland test, the petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness"; and (2)deficient representation prejudiced the

defense because "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish the required showing of prejudice, a petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

To succeed on this claim under AEDPA, a petitioner must do more than show that he would have satisfied the Strickland test if his claim were being analyzed in the first instance. Bell v. Cone, 535 U.S. 685, 698-99 (2002). "[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [court] applied Strickland to the facts of his case in an objectively unreasonable manner." Id. at 699; accord Cox v. Donnelly, 387 F.3d 193, 197 (2d Cir. 2004). In determining whether the state court unreasonably applied the Strickland test, a federal court should apply a standard between "'merely erroneous and unreasonable to all reasonable jurists.'" Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000) (quoting Francis S. v. Stone, 221 F.3d 100, 109 (2d Cir. 2000)). The Strickland test imposes a "heavy burden" that is "enhanced by the added hurdle posed by

the highly deferential review accorded state court adjudications under" AEDPA. Eze v. Senkowski, 321 F.3d 110, 112 (2d Cir. 2003).

Newland first argues that his appellate counsel's failure to assert a challenge to the sufficiency of the evidence was objectively unreasonable and deprived him of a fair appeal. The presentation of a sole issue on appeal is not, in itself, cause for ineffective assistance of counsel. On the contrary, "experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible . . . ." Jones v. Barnes, 463 U.S. 751 (1983); see also Cunningham v. Henderson, 725 F.2d 32, 35-37 (2d Cir. 1984). "Notwithstanding Barnes, it is still possible to bring a Strickland claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986); accord Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). A petitioner "must show that counsel failed to render professionally competent assistance in deciding which claims to raise on appeal as well as demonstrate a reasonable probability of success had those claims been presented to the appellate court. It will not suffice, for Petitioner to

show merely that any nonfrivolous arguments were omitted.
Appellate counsel need not advance every possible nonfrivolous
argument requested by a client." <u>Garcia v. Keane</u>, No. 97 Civ.1622
(JFK), 1999 WL 558144, at *2-3 (S.D.N.Y. July 30,1999) (internal
quotations omitted).

Newland's appellate counsel did not perform
ineffectively by deciding not to assert a challenge to the
sufficiency of the evidence on appeal.  There was no possibility
that such a claim would prevail.  Newland was identified by two
eyewitnesses as the perpetrator.  Additional evidence of
Nelwand's presence at the scene of the crime was provided by
Crescitelli's testimony about the shopping cart.  The jury
reasonably decided to credit the testimony of the People's
witnesses. <u>See</u> <u>Soto v. Williams</u>, No. 85 Civ. 3009 (JFK), 1986 WL
12526, at *2-3 (S.D.N.Y. October 30, 1986) ("Credibility is a
matter primarily for the jurors, who as triers of the facts had
an opportunity to observe the demeanor of the witnesses."). The
evidence was clearly sufficient to support the jury's verdict.  A
challenge asserted by appellate counsel to the sufficiency of the
evidence would have failed.[2]  By contrast, Newland's
Confrontation Clause claim, although it failed on direct appeal
and founders again here, clearly was more promising than the

---

[2] The Appellate Division's rejection of Newland's <u>pro</u> <u>se</u>
claim of insufficient evidence confirms that appellate counsel
rightfully decided not to raise this claim.

15

insufficiency-of-evidence claim.  As the People correctly note, the strategy of solely appealing the Confrontation Clause issue was sound.  Appellate counsel was "focusing on the one strong issue and arguing it persuasively, while declining to raise the weak claim petitioner now contends []he should have raised." <u>See</u> Resp.'s Mem. in Opp. to Pet. for a Writ of Habeas Corpus at 21.

Newland next essentially argues that his counsel was ineffective for failing to request a third-degree burglary charge because, absent the submission of a charge on the lesser-included offense, the jury had no opportunity to return an appropriate verdict if it found a second-degree burglary charge inappropriate.  This claim is also without merit.  The record plainly shows that counsel did, in fact, request an instruction on a lesser-included charge of third-degree burglary, and the court gave the charge to the jury.  The fact that the jury chose to convict Newland on the charge of second degree burglary, and therefore was not required to decide whether Newland was guilty of the lesser-included charge, does not render counsel's assistance constitutionally deficient.

*III. Sufficiency of Evidence*

Finally, Newland argues that his guilt was not proven beyond a reasonable doubt.  Since this claim was also adjudicated on the merits, <u>People v. Newland</u>, 6 A.D.3d at 331, the state court's determination of factual issues is presumed to be

16

correct, and the petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In a § 2254 challenge to the evidentiary sufficiency of a state criminal conviction, a court reviews the evidence "in the light most favorable to the State and the applicant is entitled to habeas corpus relief only if no rational trier of fact could find proof of guilt beyond a reasonable doubt based on the evidence adduced at trial." Ponnapula v. Spitzer, 297 F.3d 172, 179 (2d Cir. 2002). A "petitioner bears a very heavy burden in convincing a federal habeas court to grant a petition on the grounds of insufficiency of the evidence." Fama v. Commissioner of Correctional Services, 235 F.3d 804, 811 (2d Cir. 2000).

Here, as discussed, the evidence was clearly sufficient to support the jury's verdict. The two eyewitnesses had ample opportunity to observe Newland: Jones was a mere fifteen feet away when she watched Newland throw a pipe through the store window and enter; Hernandez grappled with Newland for several minutes before Newland escaped. Additionally, there was Crescitelli's testimony. Newland has not come close to establishing that the state court erred in determining that the People's evidence was legally sufficient to support his conviction.

**CONCLUSION**

17

For the reasons set forth above, the Court denies
Newland's § 2254 petition. Because Newland has not made a
"substantial showing of the denial of a constitutional right"
this Court will not grant a certificate of appealability.
Lucidore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d
Cir. 2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4).
However, Newland has the right to seek a certificate of
appealability from the Court of Appeals for the Second Circuit.
See 28 U.S.C. § 2253; Miller-El v. Cockrell, 537 U.S. 322 (2003).


SO ORDERED

Dated:     New York, New York
           June /8 , 2008

                              _John F. Keenan_

                                JOHN F. KEENAN
                    United States District Judge